UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JULIA EVA PESQUERA-MORALES,

    Plaintiff,

    v.

JOSÉ E. RIVERA-VÁZQUEZ, et al.,

    Defendants.

Civil No. 08-1221 (JAF)

**OPINION AND ORDER**

Plaintiff, Julia Eva Pesquera-Morales, brings this case against Defendants, the Municipal Assembly of Toa Alta ("Assembly") and José E. Rivera-Vázquez ("Rivera"), in both his personal capacity and official capacity as President of the Assembly. Docket No. 1. Plaintiff alleges deprivation of her employment in violation of the Due Process Clause, compensable under 42 U.S.C. § 1983, and tortious conduct under Puerto Rico law. Id. Defendant Rivera moves in his personal capacity for summary judgment per Federal Rule of Civil Procedure 56. Docket No. 16. Defendants Assembly and Rivera, in his official capacity, also move for summary judgment per Rule 56. Docket No. 19. Plaintiff opposes both motions. Docket No. 23.

**I.**

**Factual and Procedural History**

We derive the following facts from the parties' motions, statements of uncontested material facts, and exhibits. Docket Nos. 16, 17, 19, 23, 24, 25.

Civil No. 08-1221 (JAF)                                                -2-

Defendant Rivera appointed Plaintiff to the position of Secretary of the Assembly in January 2005. Plaintiff's employment was a "trust position" under Puerto Rico law which the Municipality of Toa Alta created by promulgating regulations and ordinances. On November 14, 2007, Defendants dismissed Plaintiff from her position without citing grounds for her termination. Following her dismissal, Plaintiff worked for the State Electoral Commission.

On February 20, 2008, Plaintiff commenced this action in federal district court. Docket No. 1. On March 17, 2009, Defendant Rivera moved for summary judgment in his personal capacity. Docket No. 16. The same day, Defendants Assembly and Rivera, in his official capacity, also moved for summary judgment. Docket No. 19. Plaintiff opposed both motions on April 13, 2009. Docket No. 23.

**II.**

**Summary Judgment under Rule 56(c)**

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. Id. at 331.

In evaluating a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

### Analysis

Defendants argue that they are entitled to summary judgment on Plaintiff's § 1983 claims, because Plaintiff was removable at will and, hence, lacked a constitutionally-protected property interest in her employment. Docket Nos. 16, 19. Plaintiff insists that, even if she was removable at will, procedural due process required that she be removed in accordance with established procedures. Docket No. 23.

The Due Process Clause, as enforced through 42 U.S.C. § 1983, "protects government employees who possess property interests in

Civil No. 08-1221 (JAF)                                              -4-

continued public employment." Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005). Local substantive law determines the existence vel non of such property rights. Id. In Puerto Rico, this constitutional guarantee does not extend to municipal trust positions, as these political appointees may be removed at will.[1] See id.; 21 L.P.R.A. § 4554(a) (2005). Therefore, no property right exists as a matter of law. See Galloza v. Foy, 389 F.3d 26, 33-34 (1st Cir. 2004) (holding that no due process claim exists as to trust employees of Commonwealth of Puerto Rico).

Plaintiff admits that the Secretary of the Assembly is a trust position. Docket No. 24. Accordingly, Plaintiff has no protected property right in her employment. Defendants are, therefore, entitled to judgment as a matter of law as to Plaintiff's claims under § 1983.[2] See Ruiz-Casillas, 415 F.3d at 134. As we order summary judgment in favor of Defendants on Plaintiff's federal claims, we decline to exercise supplemental jurisdiction over her associated claims under

---

[1] Ruiz-Casillas cited the statute categorizing trust employees of the Commonwealth of Puerto Rico, rather than that pertaining to municipalities in Puerto Rico. See 415 F.3d at 134 (citing 3 L.P.R.A. § 1349 (1975), repealed by Act of Aug. 3, 2004, No. 184, § 16 (current version at 3 L.P.R.A. § 1465 (2006))). This has no effect on the rule in Ruiz-Casillas, however, as the two statutory sections are essentially identical. Compare 21 L.P.R.A. § 4554(a) (2005) with 3 L.P.R.A. § 1465.

[2] As we dispose of this case for Plaintiff's failure to establish a claim for denial of due process, we need not address Rivera's separate defense of qualified immunity. See Docket No. 16.

Civil No. 08-1221 (JAF)                                              -5-

Puerto Rico law.[3]  28 U.S.C. § 1367(c)(3); see Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992).

## IV.

## Conclusion

Accordingly, we hereby **GRANT** Defendants' motions for summary judgment on all federal claims, Docket Nos. 16, 19. We hereby **DISMISS** Plaintiff's claims under Puerto Rico law, Docket No. 1, **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of May, 2009.

                                    s/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    Chief U.S. District Judge

---

[3] We are troubled by Plaintiff's omission of all First Circuit case law in addressing her rights to procedural due process, especially with regard to Ruiz-Casillas. See Docket No. 23. We remind counsel that we expect full candor with respect to adverse, controlling authorities on point. See L.Cv.R. 83.5(a); Model Rules of Prof'l Conduct R. 3.3(a)(2).